# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 03 2017, 6:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean G. Thomasson
Thomasson, Thomasson, Long &
Guthrie, P.C.
Columbus, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Trimnell, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Teri Trimnell, <br> *Appellee-Respondent.* | March 3, 2017 <br><br> Court of Appeals Case No. <br> 36A04-1610-DR-2362 <br><br> Appeal from the Jackson Superior Court <br><br> The Honorable Bruce A. MacTavish, Judge <br><br> Trial Court Cause No. <br> 36D02-1110-DR-382 |

**Bailey, Judge.**

# Case Summary

Michael Trimnell ("Father") appeals the trial court's order requiring him to pay educational costs for his daughter, B.T. ("Child").

We affirm.

# Issues

Father raises three issues for our review, which we restate as the following two issues:

> I. Whether the trial court erred when it concluded that Child had not repudiated Father, and
>
> II. Whether the trial court erred when it admitted hearsay evidence.

# Facts and Procedural History

Father and Teri Trimnell ("Mother") were married, and the union produced two children—Child, and child's older brother M.T.[1] At the time of the instant proceedings, Child was twenty years of age.

On August 1, 2016, Mother filed a petition with the trial court to modify support, seeking an order that Father be required to contribute to Child's

---

[1] At the time of the instant proceedings, M.T. was twenty-four years of age and emancipated.

college education expenses. An evidentiary hearing on the petition was conducted on September 22, 2016. During the hearing, Mother and Father presented evidence and argument concerning Child's education and whether Child had repudiated Father. Father objected at one point to testimony from Mother that he characterized as hearsay.

[6] On October 6, 2016, the trial court entered an order granting Mother's petition for educational support. The court found that Father had not proved repudiation as to Child. The court then ordered that Father, Mother, and Child each cover one-third of Child's educational expenses; that Father was not obligated to pay for any educational expenses incurred prior to the August 1, 2016 petition; that Child was required to maintain a "C" average in her studies in order to retain educational support; and that Father provide health insurance coverage for Child while she continued her undergraduate education, but that Child would be responsible for paying for uninsured medical expenses.

[7] This appeal ensued.

# Discussion and Decision

## Standard of Review

[8] Father contends that the trial court erred in ordering him to pay educational and healthcare expenses for Child. We generally review such decisions for an abuse of discretion, which occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it or if the court has

misinterpreted the law. *Lovold v. Ellis*, 988 N.E.2d 1144, 1149-50 (Ind. Ct. App. 2013). Father also argues that the trial court erred in admitting evidence; this, too, is reviewed for an abuse of discretion. *Bradford v. State*, 960 N.E.2d 871, 874 (Ind. Ct. App. 2012).

Mother did not submit an appellee's brief in this appeal. In such cases, "we need not undertake the burden of developing an argument for the appellee" and, "[a]pplying a less stringent standard of review, we may reverse the trial court if the appellant can establish *prima facie* error." *Kladis v. Nick's Patio, Inc.*, 735 N.E.2d 1216, 1219 (Ind. Ct. App. 2000). "However, we may in our discretion decide the case on the merits." *Id.* We choose to do so here.

## Repudiation

We turn to Father's first contention on appeal, namely, that the trial court's conclusion that Father failed to establish repudiation was in error. A child support or educational support order may include provision for payment of expenses associated with postsecondary education. Ind. Code § 31-16-6-2(a)(1). The duty to provide support for educational needs may persist beyond the point when a child reaches nineteen years of age. I.C. § 31-16-6-6(a).

There is no absolute legal duty for such support, however. *Kahn v. Baker*, 36 N.E.3d 1103, 1113 (Ind. Ct. App. 2015), *trans. denied*. "A child's repudiation of a parent—that is a complete refusal to participate in a relationship with a parent—may obviate a parent's obligation to pay certain expenses, including college expenses." *Id.* Whether repudiation has occurred is a fact-sensitive

inquiry. *Id.* We do not reweigh evidence in such cases, and generally the appellant must establish that the trial court's findings were clearly erroneous. *Id.*

[12] Father contends that the trial court erred because twenty-year-old B.T.'s "repudiation of her Father started to occur when she was fourteen (14) years of age and continues to this day." (Appellant's Br. at 10.) Father's argument goes on to cite evidence from the record concerning his having not been notified of birthday parties, high school graduation, and B.T.'s college plans, and Father argues that B.T. actively avoided Father by "de-friending" him on social media. (Appellant's Br. at 10.) Father also notes that he and Mother had never discussed college plans, and states that he did not know B.T. was attending college until Mother filed her petition to modify child support. Father argues that B.T. and Mother believe "that Father should demonstrate his love" by paying for college (Appellant's Br. at 11), and that they should not be rewarded for treating Father badly.

[13] This argument amounts to a request that we reweigh evidence, which we will not do. The evidence that favors the trial court's order indicates that Father initiated the rift between himself and B.T. During Mother's testimony, in response to the question, "He [Father] is the one that quit talking to them [B.T. and her older brother]?," Mother answered, "Yes, sir." (Tr. at 15.) Mother testified that Father had not sent Christmas or birthday cards to B.T. and had not called B.T. on her birthday for more than five years. Mother further testified that Child wanted to continue to see Father, but that Father had

"blocked us all" (Tr. at 24), meaning that Mother's understanding was that Father had prevented Mother's and B.T.'s phone calls from reaching his phone. Moreover, Father testified that communication with B.T. "slowly … just dwindled" after B.T.'s birthday in 2010, but that B.T. had initiated efforts to send him text messages "a couple of times on Father's Day." (Tr. at 36.)

[14] The evidence is not without conflict. Nevertheless, our review of the evidence does not indicate that the trial court's decision that repudiation had not been proven—that is, that B.T. had not made "a complete refusal to participate in a relationship with parent," *Kahn*, 36 N.E.3d at 1113—was clearly erroneous. We accordingly find no error on this point.[2]

## Admission of Evidence

[15] We turn next to Father's contention that the trial court impermissibly admitted hearsay evidence and that this error warrants reversal of the support order.

[16] Our rules of evidence define hearsay as "a statement that: (1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay is inadmissible "unless [the Rules of Evidence] or other law provides otherwise." Evid. R. 802.

---

[2] Because we find no error in the order of educational support, we do not address Father's request that the health insurance portion of the order be vacated, as his request for relief on that point was premised upon our reversal of the order for payment of a portion of B.T.'s tuition and living expenses.

During the hearing in the trial court, the following exchange occurred:

> [Mother's Counsel]: Was she [B.T.] told she wasn't invited, and wasn't wanted there?
>
> [Mother]: That's what she told me, she said when she got out of the car—
>
> [Father's Counsel]: Objection hearsay.
>
> [Mother]: He looked at her and—
>
> [Father's Counsel]: Objection ma'am.
>
> [Mother's Counsel]: Okay, let me rephrase the question—
>
> [Court]: Excuse me I am going to let her say what the statement was made, and I am going to determine whether the fact the statement was made was relevant, or not relevant so you can ask what statement was made.

(Tr. at 27-28.)  After the court's statement, Mother's counsel asked Mother, "What statement was made?"  Mother then said, "[B.T.] said when she got out the car [at Father's location] her dad looked at her and said what are you doing here you were not invited."  (Tr. at 28.)

Father's counsel did not renew an objection at this point, and direct examination of Mother continued.  Mother testified that B.T. spent time with Father that day, and, in response to counsel's inquiry, "What kind?," Mother responded, "She [B.T.] said that that he [Father] put in her [sic] in truck and

drove around for an hour and pretty much told her what a piece of cr*p she was, and that she was never going to amount to anything." (Tr. at 28.) Mother then testified that this was B.T.'s last contact with Father. Again, Father raised no objection to the questions or Mother's answers. During testimony later in the hearing, Father acknowledged that B.T. came to visit him and that they drove in his truck on the day in question, but he denied insulting B.T.

[19] To the extent Father failed to renew any objection after Mother responded to the initial question concerning what B.T. said, and to the extent Father failed to raise any objection to subsequent questioning on these lines, we conclude that Father has waived this matter for purposes of appeal. See *Lehman v. State*, 926 N.E.2d 35, 38 (noting that a contemporaneous objection is required to preserve an issue on appeal), *trans. denied*. Further, trial judges are "presumed to know the intricacies of the rules of evidence and to consider the evidence in that light, ignoring the extraneous, incompetent, and irrelevant," and thus the harm from evidentiary error is lessened if not totally annulled when a case is tried without a jury. *Leisure v. Wheeler*, 828 N.E.2d 409, 417 n.3 (Ind. Ct. App. 2005) (citations and quotation marks omitted). The trial court's order reveals no suggestion that, in reaching its decisions on educational support and repudiation, the court relied upon the statements Father identifies as inadmissible. We accordingly find no error in the admission of Mother's statements.

# Conclusion

[20] The trial court did not err when it found that Father failed to prove repudiation. There was no error in the admission of evidence.

[21] Affirmed.


Najam, J., and May, J., concur.